# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| **SHARHONDA T. SHAHID,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:17 CV 2610 SNLJ** |
| | ) | |
| **EDUCATIONAL CREDIT MGMT.** | ) | |
| **CORP., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM and ORDER

This matter is before the Court on plaintiff's motion to remand (#14). Plaintiff, who is an attorney and who filed this matter *pro se* before retaining counsel, filed this lawsuit against defendants Educational Credit Management Corp., ECMC, and Educational Management Group in the Circuit Court for the City of St. Louis, Missouri. Her original petition was titled as a "Motion to Quash and Petition for Relief under the Fair Debt Collection Practices Act." The petition alleged that the defendants were improperly collecting on plaintiff's student loan debt by garnishing her wages in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g ("FDCPA"). Three hours after filing that petition, plaintiff filed an amended petition that removed all references to the FDCPA. Instead, plaintiff's amended petition brought a claim for "breach of contract" based on an alleged agreement between plaintiff and defendants regarding student loan payments. Plaintiff alleges that defendants wrongfully garnished her wages and sought an order quashing the garnishment, fining defendants for acting in bad faith,

1

finding that the debt is invalid, and seeking other relief.  Plaintiff also sought and received a temporary restraining order preventing the defendants from continuing to garnish her wages.  Defendants then removed the case to this Court, citing federal question jurisdiction, 28 U.S.C. § 1331, because the complaint sets forth a civil action arising under the laws of the United States.  Defendants sought an order quashing the state court's temporary restraining order.  In response, plaintiff filed the instant motion to remand.

Plaintiff contends that defendants' basis for removal is invalid because the active complaint does not contain a claim that arises under the laws of the United States. "Removal based upon federal question jurisdiction is proper only if the claim asserting a federal question appears on the face of the plaintiff's properly pleaded complaint." *Kutilek v. Union Pac. R. Co.*, 454 F. Supp. 2d 876, 879 (E.D. Mo. 2006).  This is known as the "well-pleaded complaint" rule.  *Id.*  Although plaintiff acknowledges that the original complaint included an FDCPA claim, she contends that her amended complaint does not.  Because the amended complaint "supersedes an original complaint and renders the original complaint without legal effect….federal courts must resolve questions of subject matter jurisdiction by examining the face of the amended complaint."  *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000).

Defendants maintain that, even looking only at the face of the amended complaint, plaintiff's case could only arise from federal law.  For example, plaintiff seeks the same remedies as before in her prayer for relief, including "fines," which are only available

under the FDCPA.  Defendants argue that plaintiff cannot evade federal question

jurisdiction by mischaracterizing a federal claim as something else.  Indeed, a "plaintiff's

characterization of a claim as based solely on state law is not dispositive of whether

federal question jurisdiction exists." *Peters v. Union Pac. R. Co.*, 80 F.3d 257, 260 (8th

Cir. 1996).  The "complete preemption doctrine" prevents plaintiffs from avoiding

federal court in cases "where the preemptive force of the federal law is so clearly and

strongly stated with respect to an area of state law" that "the state law claim is considered

to be a federal claim from its inception." *Kutilek*, 454 F. Supp. 2d at 880 (citing

*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392-93 (1987)).

Here, however, defendants do not argue that the FDCPA completely preempts

state law causes of action.  That is because the FDCPA is not one of those federal statutes

that completely preempts state law claims. 15 U.S.C.  § 1692n ("this subchapter does not

annul, alter, or affect, or exempt any person subject to the provisions of this subchapter

from complying with the laws of any State with respect to debt collection practices…");

*Dunmire v. Elliott Holdings, Inc.*, 06-0787-CV-W-ODS, 2006 WL 3392950, at *3 (W.D.

Mo. Nov. 22, 2006); *Hage v. Gen. Serv. Bureau*, 8:01CV367, 2002 WL 1796575, at *2

(D. Neb. Aug. 5, 2002).  Defendants cite to another district court case in which the court

declined to remand the case in light of  references to the FDCPA.  *See Tonea v. Bank of

Am., N.A.*, 6 F. Supp. 3d 1331, 1335 (N.D. Ga. 2014).  But the *Tonea* plaintiff's

complaint actually invoked the FDCPA and other federal statutes.  Here, no reference to

the FDCPA remains in the complaint.

The Court must recognize that the plaintiff is the "master of the claim," *Caterpillar*, 482 U.S. at 395, and here plaintiff has chosen to bring her claim as a breach of contract claim. Vague references to "fines" make more sense in the context of plaintiff's FDCPA claim, but they do not automatically convert her claim to one arising under the FDCPA. Ultimately, this Court "is required to resolve all doubts about federal jurisdiction in favor of remand." *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

However, in light of plaintiff's somewhat confusing amended petition, the Court will deny her request for attorney's fees.

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion to remand (#14) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that the Clerk shall REMAND this matter to the Circuit Court for the City of St. Louis, Missouri.

IT IS FINALLY ORDERED that plaintiff's request for attorney's fees is DENIED.

Dated this 12th day of December, 2017.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE